**Robert ANDERSON, John Becker, Rosemary Brown, Linda Deprisco, Linda Eager, Joyce Free, Marcia Gabet, Stephen Gabet, Richard Grubaugh, Harold Hatcher, Lisa Holdeman, Lynn Klopfenstein, Doris Kray, Judith Mabee, Dennis Miesle, Claudette Minniear, Gail Moake, Carolyn North, Phyllis Pond, Verrill**

Rider, Peggy Robison, Randee Robison, Karen Salerno, John Schmidt, Michael Shirey, N. Daniel Spangler, Marilyn Stemmler, Marlise Stieglitz, Ramona Weikel, and Joyce Zuercher, Appellants–Defendants,

v.

**EAST ALLEN EDUCATION ASSOCIATION, Appellee–Plaintiff.**

No. 02A03–9608–CV–269.

Court of Appeals of Indiana.

Aug. 20, 1997.

William T. Hopkins, Jr., Jeffrey S. Schafer, Gallucci, Hopkins & Theisen, P.C., Fort Wayne, for Appellants–Defendants.

Richard J. Darko, Douglas C. Haney, Lowe Gray Steele & Darko, Indianapolis, for Appellee–Plaintiff.

**OPINION**

STATON, Judge.

Teachers who are not members of the East Allen Education Association appeal the summary judgment determination that they must pay a "fair share fee" to the Association. The teachers raise a number of issues, one of which is dispositive:

Whether the trial court erred in determining that the fair share fee provision in the agreement between the Association and the School Board constitutes a valid and enforceable obligation and does not violate any constitutional rights of the non-member teachers.

We reverse.

The Association is a union of employees of the East Allen County Schools. By contract with the school board, the Association is the exclusive bargaining representative of the school system's employees. As the exclusive bargaining representative, the Association may compel non-member teachers to pay a fair-share fee to the Association in compensation for the Association's work as the exclusive bargaining representative. *Lehnert v. Ferris Faculty Association,* 500 U.S. 507, 111 S.Ct. 1950, 114 L.Ed.2d 572 (1991). However, decisions of the United States Supreme Court have placed limits on both the type of union activities that non-union members may be compelled to subsidize and the procedure by which non-union members may be forced to pay. *Lehnert, supra; Chicago Teachers Union, Local No. 1 v. Hudson,* 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). These limits stem from the First Amendment rights of the non-union members to freedom of expression and freedom of association. *Lehnert, supra; Hudson, supra.*

The non-union teachers contend that these limits have been violated by the Association's contract with the school board. The contract provides:

I. Fair Share

1. The Board and the Association agree that all members of the bargaining unit who are not also members of the Association have an obligation to pay a fair share to the Association in an amount equal to the membership dues of the Association, including the Indiana State Teacher's Association and the National Education Association. This obligation applies to persons who become members of the bargaining unit during the life of this Agreement, and to persons who are members of the bargaining unit on the effective date of this agreement.

2. ... the Association shall provide the Board with a list of bargaining unit members who are not also Association members and wish to pay the fair share fee by payroll deduction. The Board will deduct the fair share in ten (10) equal installments from the payroll of each person who submits an authorization.... Persons who refuse to sign an authorization form or revoke an executed form have a continuing enforceable obligation to pay the fair share directly to the Association.

3. The Association recognizes that no member of the bargaining unit should be forced to contribute financial support to political or ideological activities, or other activities unrelated to its duties as exclusive bargaining representative. Consequently, the Association agrees to adopt an internal Association remedy providing for a pro rata refund of the fair share fee to persons who so request.

Record at 1774. The trial court concluded:

The fair share fee provision in the agreement between the Association and the School Board constitutes a valid and enforceable obligation of the Defendants by which the Association may collect a fair share fee from certified school employees who are members of the bargaining unit

and non-members of the Association during the 1993–94 school year.

Record at 1826–27.

The outcome of this case is controlled by our recent decision in *Gail A. Ford, et al. v. Madison–Grant Teachers Association*, 675 N.E.2d 734 (Ind.Ct.App.1997), *trans. denied.* Litigated by the same attorneys prosecuting this case, *Ford* is directly on point. *Ford* dealt with non-union member teachers being sued by the union for payment of a "fair share fee." The contract between the union and school board in *Ford,* which provided for non-union members to be compelled to pay a fair-share fee, is nearly identical to the contract at issue here.

In *Ford,* we followed Supreme Court precedent to hold that such a contract violates the First Amendment rights of non-union teachers. First, the rebate procedure set out in the contract violates the Constitution by permitting the Association to "exact a service fee from nonmembers without first establishing a procedure which will avoid the risk that their funds will be used ... to finance ideological activities unrelated to collective bargaining." *Ford,* 675 N.E.2d at 738. Second, the contract sets the "fair share fee" at the amount of full union dues. Full union dues admittedly include non-chargeable union activities, such as political and ideological activities. Compelling non-union members to subsidize political and ideological activities as a condition of employment violates the non-union members' First Amendment right to freedom of expression and freedom of association. *Ford,* 675 N.E.2d at 738–39.

Because the contract between the Association and the school board is the sole authorization for the Association to compel payment by non-union members, and the contract is fundamentally unconstitutional, summary judgment must be granted to the non-union teachers. *Ford,* 675 N.E.2d at 738–39. For the reasons expressed in *Ford,* we reverse the grant of summary judgment in favor of the Association and remand this case to the trial court with instructions to

grant summary judgment in favor of the non-union teachers.

Reversed and remanded with instructions.

GARRARD and KIRSCH, JJ., concur.